

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-16-00164-CR**
**NO. 02-16-00165-CR**
**NO. 02-16-00166-CR**
**NO. 02-16-00167-CR**
**NO. 02-16-00168-CR**

TELIE DAEVON PARKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1413734D, 1413735D, 1413736D, 1413738D, 1413741D

------------

## MEMORANDUM OPINION[1]

------------

Appellant Telie Daevon Parker appeals his convictions for three counts of

aggravated assault (including one count in which the victim was a public servant)

and two counts of aggravated robbery. We affirm the trial court's judgments and

---

[1]*See* Tex. R. App. P. 47.4.

grant the motion to withdraw filed by appellant's current appointed appellate counsel.

Through separate indictments, a grand jury indicted appellant with three charges of aggravated assault and two charges of aggravated robbery. In each case, appellant received appointed counsel. After the parties filed various pretrial documents, appellant entered an open guilty plea to each charge. In conjunction with doing so, he received admonishments from the trial court about the consequences of his pleas, waived certain constitutional and statutory rights, and judicially confessed to each charge. The trial court ordered the preparation of a presentence investigation report.

Later, the trial court held a hearing. The court admitted the presentence investigation report and evidence concerning appellant's charges and received testimony from appellant and two police officers. At the end of the hearing, the trial court found appellant guilty of each charge. The court sentenced appellant to forty-five years' confinement on three of the charges and twenty years' confinement on the other two charges, with all sentences running concurrently. The trial court appointed new counsel for appellant, and appellant brought these appeals.

Appellant's original appointed appellate counsel filed a motion to withdraw and a brief under *Anders v. California*, representing that he could "find no errors

warranting reversal that [could] be legitimately supported by the record."[2] 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion met the requirements of *Anders* by presenting a professional evaluation of the record and showing why there were no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se response to original appellate counsel's brief, and he did. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the entire record (including the presentence investigation report), original counsel's brief, and appellant's pro se response. We agree with appellant's original appellate counsel and his new appellate counsel that these appeals are frivolous and without merit; we find nothing in the

---

[2]Appellant's original appointed counsel died after filing the *Anders* brief. The trial court appointed new counsel to represent appellant in these appeals. We sent appellant's new counsel a letter asking counsel to state whether he agreed with original counsel's opinion that these appeals are frivolous. Appellant's new counsel responded by filing a letter stating that he concurred with original counsel's opinion "that there are no issues that are not frivolous that can be raised in [these] direct appeal[s]." Like appellant's original appointed counsel, his new counsel filed a motion to withdraw pursuant to *Anders*.

record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant new counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED: December 29, 2016